UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-20-134-R |
| | ) | |
| JESSICA RENAE NICHOLSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on a Retroactive Amendment to the United States Sentencing Guidelines [Doc. No. 109]. The United States responded in opposition [Doc. No. 113] and the matter is now at issue.

On February 9, 2021, Defendant was sentenced to a 120-month term of imprisonment for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Defendant now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the sentencing guidelines, although her motion does not clearly identify the amendment she is relying on.

Section 3582(c)(2) "establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). However, to the extent

1

Defendant seeks a sentence reduction pursuant to Amendment 782, she is ineligible for relief because she was sentenced after the amendment's effective date and she already received the benefit of the amendment. *See United States v. Servin,* 733 F. App'x 957, 959 (10th Cir. 2018). To the extent that Defendant seeks a sentence reduction pursuant to Amendment 821, she is ineligible for relief because her current sentence is below the amended guideline range. *See* USSG § 1B1.10(2)(B) (stating that a sentence reduction is not authorized under § 3582(c)(2) if the amendment "does not have the effect of lowering the defendant's applicable guideline range"); *United States v. Wall*, No. 24-1315, 2025 WL 274630, at *3 (10th Cir. Jan. 23, 2025).

Because Defendant is ineligible for a sentence reduction under either Amendment 782 or Amendment 821, and she has not identified any other amendment that might apply, the Court lacks jurisdiction to modify her sentence. Defendant's Motion is therefore dismissed.

IT IS SO ORDERED this 4th day of September, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE